No. 29.—J. C. & G. W. ASHBURN, plaintiffs in error, *vs.* DERMOD DEMPSEY, defendant in error.

[1.] A writ of error will not lie to the Supreme Court to review the private, unofficial opinions of a Judge of the Superior Courts.

Possessory warrant. Issued by Judge POWERS, October, 1853.

Ashburn *vs.* Dempsey.

This issue arose upon a possessory warrant, issued by Judge POWERS, upon the following affidavit:

"GEORGIA, BIBB COUNTY:

In person appeared before me, Dermod Dempsey, who be-- ing sworn saith, that he is the owner of a certain hotel, garden and appurtenances in the City of Macon, and said county, known as the "Floyd House"; that he rented the same to John C. Ashburn and George W. Ashburn, both of said county, partners, using the firm-name of John C. & G. W. Ashburn, for twelve months, commencing on the 30th July, 1853, at the rate of $2600 a year, to be paid in twelve equal instalments, monthly; and that the said Ashburns have failed to pay any part of the rent, from 30th July to October 20th, 1853, to wit: the sum of $527$\frac{77}{100}$, which sum is now due and unpaid, and deponent prays a warrant may issue to put him in possession of said premises, in terms of the Statute.

Sworn to and subscribed be-       D. DEMPSEY·
fore me, this 22d Oct. 1853.
ABNER P. POWERS, Judge
  of the S. C. M. C".

On the same day, Judge POWERS issued his warrant, commanding the Sheriff of Bibb county to remove the Ashburns, and to deliver the possession of the premises to Dempsey.

The Ashburns made the following affidavit:

" GEORGIA, BIBB COUNTY :

Personally appeared before me, a Justice of the Peace for said county, George W. & John C. Ashburn, who being severally sworn, say that they leased from Dermod Dempsey, a certain hotel and garden, and appurtenances, in the City of Macon, and said county, known as the "Floyd House", for the term of 12 months, commencing on the 30th July, 1853; that Dempsey was to have put said Floyd House in good repair, before they were to pay rent for the same, which he has entire-

ly failed to do, thereby damaging these deponents; and they say their lease is not yet expired.

Sworn to, this the 20th October, } G. W. ASHBURN,
1853, before me, } J. C. ASHBURN.
E. E. BROWN, J. P". }

On the 10th day of November, 1853, these papers were presented by the Sheriff to Judge POWERS, for advice in the premises.

The Court refused to have anything to do with the proceedings, in a Judicial capacity, but advised the Sheriff that, "in his opinion, it was the duty of the Sheriff to proceed to execute the warrant and place the affiant, Dempsey, in possession of the premises, unless the proceedings were arrested according to law, (and that the affidavit filed by the Ashburns, was not a legal arrest of the proceedings,) or the money paid, which Dempsey's counsel said would be satisfactory".

The Sheriff proceeded to turn the Ashburns out of possession of the premises and deliver the same to Dempsey.

Counsel for the Ashburns excepted to the decision or advice, given by the Court, and have assigned error.

A motion was made to dismiss the writ of error, on the ground that error did not lie to this decision.

POE & WHITTLE, for the motion.

HALL & CAREY, and LOCHRANE, contra.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The 5th section of the Act of 1811, (*Cobb's Digest*, 901,) pointing out the mode for the collection of rents, provides that "if any person leasing or renting land, house or houses, shall fail to pay the rent at the time the same shall become due, it shall and may be lawful for the lessor, immediately thereafter, to enter and re-take possession of the premises so, by him, leased or rented."

And by the Act of 1827, to amend the Rent Laws of this State, (*Ibid*,) it is declared that when a tenant holds over and refuses to deliver possession, the lessor or owner, on oath of the facts, may obtain a warrant to have possession delivered, and the tenant removed, unless he will declare, on oath, that his lease is not expired, or that he does not hold the premises either by lease or rent, from the person claiming to be the landlord, or by any one holding under him; in which case, the Sheriff is to return the proceedings to the next Superior Court of the county where the land lies, and the fact is to be there tried.

On the 22d of October, 1853, Dermod Dempsey made oath before ABNER P. POWERS, as Judge of the Superior Court, that on the 30th of July of that year, he rented to the firm of J. C. & G. W. Ashburn, for twelve months, the hotel in the City of Macon, known as the Floyd House, for $2600, to be divided into instalments and paid monthly; that there was due deponent on said contract, $577$\frac{77}{100}$, up to the 20th day of October, and that no part thereof had been paid. He prayed that a warrant might issue, directed to the Sheriff of Bibb county, commanding him to put the deponent into immediate possession of the premises. Judge POWERS issued the warrant and the Sheriff was proceeding to execute the same, when the Asburns filed a *contra*-affidavit to the effect, that their lease had not expired.

The Sheriff being embarrassed, not knowing whether to proceed or suspend the proceedings, applied to Judge POWERS for advice. The Judge declined to act officially, but at the instance and importunity of the officer, counselled him privately: that the affidavit was not sufficient to arrest the warrant. And a writ of error is presented to this Court to reverse this opinion. We are clear that it cannot be entertained.

It is true, that the jurisdiction of this Court is exceedingly broad. "Every decision—judgment—decree—sentence or order", of the Superior Court, may be brought up for review, to this Court. Still, the grant of power does not extend to the *street opinions* of the Judge; and the Judge certifies to this Court, that the matter complained of was nothing more. The

Sheriff was free to follow it or not. His failure or refusal to do so, would not have subjected him to punishment, as for a contempt.

It is contended that the remedy given by the Act of 1827, against the tenant, for holding over after his term has expired, does not apply to the right of re-entry secured to the landlord by the Act of 1811, when his lessee fails to pay, punctually, the rent due by him. It either applies or it does not. If it does, the oath, in this case, was insufficient, as it merely denied that the term had expired, and did not affirm that the rent had been paid. But if the proceeding authorized by the Act of 1827, against a tenant holding over, was not intended to give a summary remedy against the tenant, on failure to pay, but that the landlord's remedy was by ejectment, or some other mode of getting possession, known to the Common Law, then, the warrant issued in this case, was not merely irregular and defective, not being returnable to the next Superior Court of Bibb county, or any where else, but it was absolutely void; the Magistrate issuing it having no authority to do so. And he, the Sheriff, the landlord and his attorneys, and all who were concerned, were guilty of a trespass. Indeed, the execution of the warrant might have been resisted by force.

We leave the parties to determine for themselves, the course which they may feel it to be their duty to pursue.

Writ of error dismissed.