No. 85.—NANCY HARRINGTON, plaintiff in error, vs. ALEX- | 15 561|
ANDER HARRINGTON, defendant in error.   106 443|

[1.] Where, by the record, it appears that an order is taken, referring a case stated to the Judge, of the Superior Court, rather as an arbitrator, than as constituting the Court, and where, by the terms of the reference, it appears that the decision of the Judge was contemplated as final, and no provision was made for suing out a writ of error by either party: *Held*, that this was not such a decision, sentence, judgment or decree, as was contemplated by the law organizing this Court; and that the writ of error should be dismissed.

Motion. Dougherty Superior Court. Decision by Judge PERKINS, May Term, 1854.

This was an appeal from the Ordinary, on a motion to dismiss Nancy Harrington, as administratrix of Robert Harrington, deceased. The facts were agreed on, as follows: " The charge against her was, that she had not returned, as a part of the estate, a negro woman named *Irena*, in the possession of intestate at his death. The negro was bought and paid for, by the intestate, her husband, but the bill of sale, by his direction, was made directly to Nancy Harrington, her heirs and assigns. By parol, it was proven that he intended a separate estate. It was agreed, in writing, between the parties, that the facts be submitted to His Honor, W. C. PERKINS, and if the Court should decide that the negro is a part of the estate, the administratrix was to relinquish her claim and pay the costs. If the Court decides her claim to be good, the rule to be discharged.

Judge PERKINS decided that the negro was a part of the estate, and upon this, Nancy Harrington assigns error.

Issue was joined in this Court, with a protestation, in the ground that error does not lie to a judgment entered in this case, as stated, because the judgment rendered, was by Judge PERKINS, as arbitrator under a submission, and his award is final.

Spencer *vs.* The State.

STROZIER, for plaintiff in error.

LYON and CLARK, for defendant.

*By the Court.*—STARNES, J., delivering the opinion.

[1.] This record shows that the agreement was, to refer this case to Judge PERKINS, as a sort of arbitrator, and not to the Superior Court. There was no reservation, in the order of reference, of the right of either party to except and bring his writ of error; and altogether, it impresses us as very plain, that the reference was made in the manner in which it was, for the purpose of obtaining a speedy and final disposition of the case, by the decision of Judge PERKINS.

We do not mean to discourage the convenient practice of presenting to this Court, a writ of error based on a decision made upon a case stated, when this is in conformity with the understanding of the parties, and so appears in the record. We mean only to say, that according to this record, in our opinion, it does not appear that it was the intention of the parties to sue out a writ of error, and that this was not such " decision, sentence, judgment or decree", as was contemplated by the organic law of this Court.