WATERS vs. McNABB et al.

1. A writ of error does not lie from a decision of the Judge of the Superior Court on a question referred to his decision, and which does not come before him in the due course of proceedings at law.

*Habeas Corpus.* Tried before Judge ALLEN, 27th June, 1859, from Decatur County.

Upon the petition of Noah McNabb and wife, one of the Justices of the Inferior Court of Decatur county issued a writ of *habeas corpus*, directed to, and commanding Ephraim D. Waters to bring before said Justice the body of Lucian N. Waters, a minor about ten years of age, and a child of Mrs. McNabb, by a former marriage. The petition alleged, and it appeared in evidence, that the child was living with his mother at McNabb's when he was taken away by Ephraim D. Waters, his paternal uncle and guardian.

Without a trial in the inferior Court, the parties consented and agreed to the following order, viz:

"Upon the consent and agreement of counsel here in Court, it is ordered that this case be referred to the decision of the Honorable ALEXANDER A. ALLEN, Judge of the Superior Court of the Southwestern Circuit, in Bainbridge, on Monday morning at 10 o'clock, or at such other time as he may appoint, and that the witnesses attend said Court at that time.
(Signed)    "C. J. MUNNERLYN, J. I C.
"LEN. M. GRIFFIN, J. I C.
"F. G. ARNETT, J. I C."

The case coming up before Judge ALLEN, under the foregoing order and consent, on the 27th June, counsel for Waters demurred to the proceeding, upon the grounds—

1st. Because this Court has no jurisdiction in cases of *habeas corpus* at common law.

2d. Because the writ is improperly and illegally directed, it being addressed to the sheriff, when it should have been addressed or directed to defendant.

3d Because there is no allegation that Lucian, the minor, is under improper restraint.

Waters *vs.* McNabb *et al.*

4th. Because the petition shows that plaintiffs are not the natural guardians of the infant, and have no right, as such, to his custody.

5th. Because plaintiffs will be the heirs at law of said infant, in the event of his death, and therefore not entitled to his custody.

6th. Because said minor is over seven years of age.

7th. Because plaintiffs have no legal right to the custody of the minor, and to maintain this proceeding.

The Court overruled the demurrer upon all the grounds therein contained, except the second, which the Court allowed counsel for relators to amend, by directing the writ of *habeas corpus* to the defendant, as well as to the sheriff.

To which decisions counsel for defendant excepted.

Counsel for defendant then moved to dismiss the writ, as amended, on the ground that the same had not been served upon defendant.

The Court refused the motion, and counsel for defendant excepted.

Counsel for defendant then requested the Judge to permit him to withdraw his answer to the writ, upon the ground that the same was made and filed while he was under arrest, and under protest.

The Court refused to allow the answer to be withdrawn from the file, except for the purpose of amendment.

To which ruling defendant excepted.

The cause then proceeded, and after hearing testimony on both sides, the Judge ordered and awarded the custody of the minor to the mother, Mary A. McNabb, and her husband, Noah McNabb, the order reciting or stating that said award "appears to this Court, from all the circumstances and facts submitted to the Court, to be most beneficial to the interest of said minor child, Lucian N. It is further ordered, that Ephraim D. Waters pay to the officers of Court the sum of ......... and all other cost of this proceeding."

To which order counsel for defendant excepted, and thereupon, tenders his bill of exceptions, assigning as error the rulings and decisions and judgments as above excepted to.

LAW & SIMS, BOWER, for plaintiff in error.

JNO. W. EVANS, *contra.*

VOL. XXX—44.

*By the Court.*—LYON, J., delivering the opinion.

The record shows that the *habeas corpus* was sued out and returnable to the Justices of the Inferior Court of Decatur county for trial, and by law they were the persons to hear and try the same, but by agreement, it was referred or transferred to the decision of Judge Allen, Judge of the Superior Court. The question did not properly come before him by operation of law or by the requirement of the law. His was not the tribunal appointed by law to hear and determine the question in that case, but it was returnable to, and triable by the Inferior Court. Therefore, his decision in the premises was not such a " decision, sentence or decree " from which a writ of error lies, under the organic law of this Court. A writ of error lies only to such judgments, decisions, sentences or decrees as are made by the Court, as a Court, and which comes before, and is tried by him in the usual course of proceeding, as provided for by law, and not upon those that, like this, are extra-judicial, and come before, and are decided by him, on the agreement or reference of the parties, no more than if the question had been referred to, or decided by any other person. *Herrington vs. Herrington*, 15 *Ga.*, 361. For these reasons, the writ of error must be dismissed.