### BANIGAN *v.* NELMS, sheriff.

This court has no power to review a decision made by the judge of the city court of Atlanta, unless the same was rendered in a "civil cause" or a "criminal proceeding" pending in his court or before him as judge thereof.

Argued December 17, 1898. — Decided February 4, 1899.

Practice in Supreme Court.

*J. H. Gilbert*, for plaintiff in error.
*Goodwin, Westmoreland & Hallman*, contra.

Cobb, J. Banigan recovered judgment against Austell and others, and an execution issued upon this judgment was levied upon an improved city lot as the property of the defendants. The lot having been sold, and the sheriff being about to execute a deed to the purchaser, who was the plaintiff in fi. fa., the question arose as to who should bear the expense of furnish-

ing the revenue stamps to be affixed to the deed, it being conceded by the parties that under the provisions of the act of Congress which went into effect July 1, 1898, the deed should be stamped. It was agreed between the sheriff and Banigan, the purchaser, that this question should be submitted to Hon. H. M. Reid, judge of the city court of Atlanta, from which court the execution had issued. The record does not show that the defendants in execution were parties to this agreement. It appears that on July 11, 1898, at chambers, the question was submitted to Judge Reid, who decided that the expense of furnishing the stamps should be borne by the purchaser. To this decision Banigan, the purchaser, excepted, and the case is here upon a writ of error based on his bill of exceptions. In the argument here the question was raised as to whether this court had jurisdiction to review the decision of Judge Reid in this matter. The jurisdiction of this court to review the decision of the judge of the city court of Atlanta is determined by the same rules which give it jurisdiction to review the decisions of the judges of the superior courts. The statute declaring the jurisdiction of this court in reference to decisions made by judges of the superior courts provides that "either party in any civil cause, and the defendant in any criminal proceeding, in the superior courts of this State, may except to any sentence, judgment, or decision, or decree of such court, or of the judge thereof, in any matter heard at chambers." Civil Code, § 5527. It will be seen at a glance that in other than a "criminal proceeding" the power of this court is limited to the right to pass upon judgments, decisions, or decrees rendered in civil causes, either by the superior court, or the judge thereof, in a matter heard at chambers. It is absolutely essential that the decision complained of should have been rendered in a "civil cause" which was properly before the court or the judge at chambers. It is also necessary that such decision should have been rendered by him in the capacity as judge. This court has no authority to review a decision of the individual who happens to be judge, when he is acting simply as an arbitrator or referee selected by persons who may be involved in a controversy other than a cause pending in his court.

There being no cause pending before Judge Reid in which the question was raised as to who should furnish the stamps necessary to be affixed to the deed, and the agreement between the parties being, in effect, simply to allow him to decide the question as referee or arbitrator, his decision in the matter was not such a "decision, judgment, or decree" as would be reviewable in this court. *Stanton* v. *Speer*, 69 *Ga.* 771; *Ashburn* v. *Dempsey*, 15 *Ga.* 248; *Harrington* v. *Harrington*, 15 *Ga.* 561; *Waters* v. *McNabb*, 30 *Ga.* 672. See also *Smith* v. *Head*, 75 *Ga.* 755. The case of *McGuire* v. *Johnson*, 25 *Ga.* 604, which was relied upon by the plaintiff in error as authority to sustain the jurisdiction of this court, is clearly distinguishable from the case now under consideration. It appears from the record in that case that there was a motion in term time to suspend the execution and retax the costs. The plaintiffs in execution as well as the defendants in execution were parties to the motion. The sheriff, who at most in such matters is only a nominal party, was not a party to the writ of error. This was a "civil cause" within the meaning of the statute giving this court jurisdiction. The facts of the present record fail to disclose anything which would make the matter submitted to Judge Reid in any sense a "civil cause." The sheriff had had a sale, the deed by which it was to be consummated was about to be executed, and the question arose as to who should pay the expense of the stamps. The sheriff executed the deed, and affixed the stamps under an agreement with the purchaser that Judge Reid should decide who should pay for them. Judge Reid decided that the purchaser should pay, and in so doing he was only an arbitrator. There is no law providing for an appeal from his decision, and the parties must abide by the ruling of their arbitrator.

*Writ of error dismissed. All the Justices concurring.*