ALBEA *v.* WATTS, marshal.

The proceeding authorized by the Political Code, § 272, for the purpose of compelling the delivery of books, papers, or other property, as required by the three preceding sections, is not, when instituted before a judge of the superior court, a proceeding in any superior court; and, consequently, no order passed by such officer upon such a proceeding is reviewable by a writ of error to the Supreme Court.

Argued October 16, — Decided November 7, 1901.

Motion to dismiss the writ of error.

*M. B. Eubanks,* for plaintiff in error. *Denny & Harris,* contra.

Fish, J. Henry B. Watts, as marshal of the town of Cave Spring, petitioned his honor W. M. Henry, judge of the superior courts of the Rome Circuit, under the provisions of the Political Code, § 271, for an order to require S. B. Albea, the immediate predecessor of petitioner in office, to show cause why he should not be compelled to deliver to petitioner certain described books, alleged to appertain to such marshalship, and to be in the possession of the defendant. After answer made, the judge, upon hearing the evidence, ordered the defendant to deliver to petitioner instanter the books designated in the petition. The defendant, being dissatisfied with the granting of the order, sought by bill of exceptions to have such action of the judge reviewed by this court. The defendant in error moved here to dismiss the writ of error, upon the ground that the proceeding was before the judge and not in a supe-

rior court, and, therefore, this court had no jurisdiction to review the action of the judge in granting the order. The constitution of this State (Civil Code, § 5836) provides: "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors from the superior courts, and from the city courts of Atlanta and Savannah, and such other like courts as may be hereafter established in other cities; and shall sit . . for the trial of writs of error from such superior and city courts."

The proceeding in which the order sought to be reviewed was granted was instituted under the Political Code, §§ 269, 271, 272. Section 269 is as follows: "When any office is vacated, it is the duty of the incumbent, on demand made, to deliver all books, papers, and other property appertaining to the office, to his qualified successor." Section 271 then provides: " If any person neglects or refuses so to do, after demand made, the successor shall make complaint to the ordinary of the county, or to the judge of the superior court of the circuit in which the person refusing resides, or, if neither can be had, the judge of the superior court of an adjoining circuit, and if such officer is satisfied, from the oath of the complainant or otherwise, that such are withheld, he must grant an order requiring the person so refusing to show cause before him, on a day and at a place named in such order, why he should not be compelled to deliver over the same." Section 272 provides: "At the time so appointed, or at any other time to which the matter may be adjourned, a copy of such order having been personally served on the person so refusing, such officer must proceed to inquire into the circumstances, and if it appears that such books and papers are withheld, he must order the same delivered up instanter to said successor, and on failing to comply with such order, he shall issue a warrant, directed to any officer of said county, or of the adjoining county, authorized to make the arrest, to arrest said officer and commit him to jail, there to remain until he complies with said order, or is otherwise discharged by course of law. At the same time, in the same way, he shall command said officer to search such places for them as may be designated in such warrant, and to seize and bring them before him or some other officer authorized to preside, and being so brought and appearing to belong to said office, he shall cause them to be delivered to the successor. The payment of costs are in the discretion of the court. Said proceed-

ings do not interfere with the provisions of the Penal Code on this subject." It is quite evident that there is nothing in sections 271 and 272 which confers jurisdiction upon any superior court to grant either of the orders or to issue the warrant for which provision is therein made. A judge of a superior court is certainly not a superior court. He is referred to in the sections quoted simply as "the judge of the superior court" and as "such officer," and there is no direction given that the papers in the proceedings provided for shall, at any time, be filed or recorded in any court. It is true that section 272 says: "The payment of costs [is] in the discretion of the court," but even granting the judge, while performing the duties imposed by these sections, to be a court, he is not a superior court, nor the city court of Atlanta, nor the city court of Savannah, nor other like city court; and therefore this court has no jurisdiction to try and determine a case brought here from him by writ of error, if he be a special court under the provisions of the sections quoted. See *Johnson* v. *Jackson*, 99 *Ga.* 389. It follows that the writ of error must be dismissed.

　　　　*Writ of error dismissed. All the Justices concurring.*