## CLARKE COUNTY *v.* GAMBLE.

FISH, C. J.   1. Clarke County brought its petition against Gamble, the substance of which now material was:   Defendant had recently been removed by the board of commissioners of roads and revenue of that county from the office of clerk of such board.   Up to the time of his removal, the defendant and the board "occupied offices together," the board paying one half of the rent for the same, wherein were kept all the records, books, and other property of the county pertaining to the official business of the board.   The possession of these records, books, etc., by the board was necessary for the discharge of its public duties. At the time of his removal the defendant notified the board that, on account of the invalidity (as contended by·him, for certain reasons) of the order discharging him, "he would not permit any books, papers, or other documents belonging to the county to be removed from the offices where they [were then] located;   .   .   claiming that the offices were rented in his name and he would control them."   The board procured another office, but the defendant refused to allow the board to remove such records, books, etc., from the offices occupied by them.   One of the prayers of the petition was that the defendant be enjoined from interfering with the county or the board of commissioners or their agents in the removal of such records, books, etc., from the place where they then were.   *Held:* (1) The injunction sought was not purely mandatory, but its essential feature was to restrain the defendant.   See *Mackenzie* v. *Minis,* 132 *Ga.* 323 (63 S. E. 900, 23, L. R. A. (N. S.) 1003), (2) Civil Code (1910), § 304 et seq., providing how a successor to an office may obtain the books, papers, etc., appertaining thereto from his predecessor who refuses on demand to turn over the same, did not furnish to the county an adequate remedy, if any at all, under the facts of this case.   See, in this connection, *Albea* v. *Watts,* 114 *Ga.* 149 (39 S. E. 490).

2. This case on its facts is controlled by the decision, this day rendered, in the case of *Wright* v. *Gamble,* ante, 376; and accordingly the judge erred in refusing an interlocutory injunction.

*Judgment reversed. All the Justices concur.*

JUNE 13, 1911.

Petition for injunction.   Before Judge Brand.   Clarke superior court.   July 27, 1910.

*John J. Strickland,* for plaintiff.

*Cobb & Erwin* and *W. M. Smith,* for defendant.