8170.  ROBERTS v. DANCER, ordinary, for use, etc.

Under the act of the General Assembly, creating a board of commissioners for the county of Miller, which provides that three members of the board "must concur in order to pass any order," such concurrence was shown where four members were present when a resolution was put, and two members voted for its passage and one against it, and the other commissioner, the chairman, thereupon declared that it was carried. This declaration of the chairman was equivalent to a formal casting of his vote in favor of its adoption.

DECIDED AUGUST 3, 1917.

Affidavit of illegality of execution; from Miller superior court— Judge Worrill.  June 17, 1916.

*W. I. Geer,* for plaintiff in error.  *Billie B. Bush,* contra.

JENKINS, J.  When this case was before the Supreme Court a new trial was granted (144 *Ga.* 341, 87 S. E. 287), and the only question to be thereafter settled was the issue of fact raised by the affidavit of illegality, as to whether. or not three commissioners concurred in the passage of the resolution directing the issuance of the execution against the defendants in fi. fa.  The act creating the board of commissioners of roads and revenues of Miller county (Acts 1905, p. 569) provides that "three of said board shall con-

stitute a quorum for the transaction of business, and . . three must concur in order to pass any order or let any contract or grant or allow any claim against the county." The minutes of the board of commissioners, for the meeting held December 31, 1910, show the following: "The Board of Commissioners of Miller county met in called meeting for the purpose of acting upon the shortage of the county treasurer, and in accordance with the rule absolute passed by the Honorable Wm. C. Worrill, judge of the superior court of Miller county, Georgia, at the October term, 1910. Present, W. C. Dancer, chairman, G. W. Cook, F. E. Fudge, and W. J. Grimes. After a full and complete discussion of the matter, the following resolution was introduced by G. W. Cook, and on second of W. J. Grimes was adopted, F. E. Fudge voting in the negative. 'Whereas'" etc. The minutes state that the resolution was adopted. There is nothing therein that can be taken to show that only two of the commissioners voted for it. The act creating the board does not require that the vote be taken by ballot, by ayes and nays, or that the vote be recorded. Therefore, the order is presumed to have been legally passed, and the burden would be upon one attacking its validity to show the contrary. 2 Dillon, Municipal Corp. § 579. Under the plain provisions of the act referred to, the ordinary, Dancer, was made a member of and chairman of the board of commissioners. The evidence on the trial may be fairly taken to show indisputably that two of the commissioners voted for the resolution and one against it, and that the other commissioner, the chairman, without specifically and in terms voting for it, thereupon declared it carried. It is true that the chairman testified as follows: "G. W. Cook and W. J. Grimes voted for it, and I think I said 'Aye.' I know it was my intention to vote for it, but I don't know that I expressed myself as voting for it. When the resolution was introduced by G. W. Cook and seconded by W. J. Grimes, G. W. Cook and W. J. Grimes voted for it and F. E. Fudge voted against it; after they cast their votes, I stated that the motion was carried;" but since the witnesses for both parties agree in their testimony that the facts are as we have stated, we think it can be assumed that this is the correct statement of what was proved.

It is our opinion that in order for the commissioners to pass a valid order, the provisions of the act quoted require something

more definite on the part of the third commissioner than mere
tacit consent, implied acquiescence, or silent submission. While
such conduct is frequently sufficient to operate by way of estoppel,
as against a party to a transaction, he, in such cases, not being per-
mitted to deny his implied acquiescence, the purpose and sense in
which concurrence is required have much to do with the determina-
tion as to whether or not it has been given. In the present in-
stance we think concurrence must have been evidenced in some
more active and positive manner than by acquiescence which is
altogether implied, and that in some way actual and positive mani-
festation of such intent must have been given. It is our opinion
that the statement of the chairman, in declaring the resolution
carried, when the circumstances were such that his vote became
necessary to its adoption, was equivalent to the express and formal
casting of his vote therefor. We find a similar ruling by the
Supreme Court of Maine in Small *v.* Orne, 79 Me. 78 (6 Atl. 152),
in which it was held: "Where, by the city charter, the mayor is
allowed a casting vote in the city council, in accordance with R. S.,
c. 3, § 34, his act is sufficiently formal for that purpose if he
determines and declares which of the candidates is elected, al-
though he may not go through the formality of casting a ballot."
The Supreme Court of Indiana in Rushville Gas Co. *v.* City of
Rushville, 121 Ind. 212 (23 N. E. 72, 6 L. R. A. 315, 16 Am. St.
R. 388), held that the declaration of a presiding officer that a
resolution was adopted was equivalent to casting a vote in its favor,
where the other votes were equally divided. The purport of the
ruling in Launtz *v.* People, 113 Ill. 137 (55 Am. R. 405), was to
the same effect. We find that the Tennessee Supreme Court, in
Lawrence *v.* Ingersoll, 88 Tenn. 52 (12 S. W. 422, 6 L. R. A. 308,
17 Am. St. R. 870), has laid down a contrary rule, but we think
the doctrine here followed is founded upon the better reason, and
it is therefore adopted.

One of the grounds of the motion for a new trial complains that
N. L. Stapleton, attorney for the board of commissioners, who was
present at the time the resolution was acted on, was allowed to
testify that "there was an informal discussion of the resolution
among the four members of the board present, and in that dis-
cussion F. E. Fudge opposed the passing of the resolution and the
other three were in favor of the passage of the resolution, and,

after talking some time, informally discussing the matter, the motion was put, and Judge W. C. Dancer declared the motion carried and the resolution passed." If, however, we are correct in the ruling already indicated, the verdict was demanded, irrespective of this testimony, and therefore, even if the court erred in admitting it, the error would not require a new trial. This is true also as to the other grounds of the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*