MARTIN v. ROWLAND.

No. 9424.  JULY 13, 1933.

C. S. Claxton and J. W. Claxton, for plaintiff.

Hatcher & Hatcher and Rowland & Rowland, for defendant.

BECK, P. J.   R. R. Martin brought his petition against J. H. Rowland and alleged in substance that at the September term, 1930, of the superior court of Johnson County the plaintiff was elected a member of the board of education of that county; that his term of office, under the statute, was for four years; that by virtue of the election he had been serving on the board of education and discharging the duties thereof from the date of his election, and was continuing to serve as a member of the board at the date of his petition; that he is now serving as a member of the board, and his term of office will not expire until the September term, 1934, of the superior court of Johnson County.   At the adjourned term, 1932, of that court the grand jury of the county elected J. H. Rowland a member of the board of education for a term of four years, that is, from October 14, 1932, to October 14, 1936, in the place of Martin.   No charges have been made or preferred against Martin as a member of the board.   During the term of court and before the adjournment thereof Martin filed his petition and prayed that a judgment and order of court be passed "revoking, annulling, and cancelling the election and appointment of the said Joe H. Rowland as a member of the county board of education by the grand jury, and that petitioner be declared by proper order of the court to be the duly qualified member of the county board of education."   Subsequently an amendment to the petition was filed, setting out the facts as alleged in the original petition, and making the further allegation that Rowland was undertaking to interfere with the board by participating in the regular meetings and to forcibly oust Martin from the office as a member of the board.   Petitioner prayed, in addition to the prayers above stated, that "the said J. H. Rowland be restrained and enjoined from participating, or in any other manner interfering with the county board of education."   The court sustained a demurrer to the petition, and the plaintiff excepted.

It is recited in the bill of exceptions that the court sustained the defendant's demurrer on the sole ground that plaintiff should have brought quo warranto proceedings to determine the title to the office in question. This court is of the opinion that under the facts alleged the issue made brings the case within the ruling in *Coleman* v. *Glenn,* 103 *Ga.* 458, where the court restated a principle laid down in High on Injunctions. The writer of the opinion in that case quoted approvingly what was said in the text-book referred to, as follows: "No principle of the law of injunctions, and perhaps no doctrine of equity jurisprudence, is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office; such questions being of a purely legal nature, and cognizable only by courts of law. A court of equity will not permit itself to be made the forum for determining disputed questions of title to public offices, or for the trial of contested elections, but will in all cases leave the claimant of the office to pursue the statutory remedy, if there be such, or the common-law remedy by proceeding in the nature of quo warranto. Thus, equity will not interfere by injunction to restrain persons from exercising the functions of public offices, on the ground of the illegality of the law under which their appointments were made, but will leave that question to be determined by a legal forum." And in *Sweat* v. *Barnhill,* 170 *Ga.* 545 (153 S. E. 364), this principle is restated and approved, the holding of the court being as follows: "Injunction is not the remedy to test the questions here involved. It appears to be a contest between two sets of county commissioners, as to which set is entitled to hold said offices and to manage the affairs of the County of Clinch. It is well settled, where the title to an office is involved, that quo warranto, or a petition in the nature of a quo warranto, is the proper remedy, rather than an equitable petition for injunction. Civil Code (1910), § 5451; *Coleman* v. *Glenn,* 103 *Ga.* 458 (2) (30 S. E. 297, 68 Am. St. R. 108); *Stanford* v. *Lynch,* 147 *Ga.* 518 (94 S. E. 1001); *McCarthy* v. *McKinney,* 137 *Ga.* 292, 297 (73 S. E. 394)." These authorities settle the controlling question in this case.

*Judgment affirmed. All the Justices concur.*