DAVIS, commissioner, *v.* FORRESTER, solicitor-general, *et al.*

No. 12752. APRIL 15, 1939.

*G. Y. Harrell* and *Dykes & Dykes,* for plaintiff.

*R. S. Wimberly, Fort, Fort & Fort,* and *E. L. Forrester, solicitor-general,* for defendants.

DUCKWORTH, Justice. By section 26 of an act approved August 23, 1927 (Ga. L. 1927, pp. 654-666), creating the office of commissioner of roads and revenue of Stewart County, it was provided: "It shall be the duty of the grand jury of said county to inquire into the official acts of said commissioner; and if any grand jury of Stewart County shall find, by a majority vote thereof, that said commissioner has violated any of the terms of this act, or that he has been wasteful or inefficient, or has wrongfully or fraudulently conducted the affairs of his office, or is otherwise not qualified to manage the affairs of the office, such grand jury so finding may recommend that the grand jury at the next regular term of said superior court declare said office of commissioner vacant; and if said second grand jury, by a majority vote thereof, concurs in the first grand jury's recommendation, then said office shall be, by the order of the judge of the superior court of said county, declared vacant, and thereupon the clerk of the superior court shall proceed to call a special election to fill such vacancy as hereinbefore prescribed." Pursuant to the provisions of this section the grand jury at the April term, 1938, recommended that the office of commissioner of roads and revenue of Stewart County be declared vacant for inefficiency and wastefulness of the commissioner then in office, and recommended that the grand jury at the next regular term of said court declare the office vacant. At the October term, 1938, the grand jury of Stewart County concurred

in the recommendation of the grand jury at the April term; whereupon the judge of the superior court of said county signed an order declaring the office vacant. During the October term, 1938, of the superior court of Stewart County, C. M. Davis by his attorney filed a petition or application in said court reciting that he was the duly elected and qualified commissioner of roads and revenue of Stewart County, Georgia, and that the judge of the superior court of the Southwestern Circuit, Hon. W. M. Harper, acting upon the recommendation made by the grand jury of the April term, 1938, and concurred in by the grand jury of the October term, 1938, of said court, by virtue of section 26 of the act approved August 23, 1927, passed an order declaring vacant the office of commissioner of roads and revenue, and moving to arrest the order on the grounds that the act under which it was issued was unconstitutional in many respects, including the denial of due process, in that he was given no opportunity to be heard in his own defense. No parties defendant were named, but it was recited that M. B. Brown was foreman and W. H. Strickland Jr. was clerk of the grand jury at the October term, 1938, and that E. L. Forrester was the solicitor-general of the judicial circuit, but it in no wise made them defendants or showed that they had any interest in the matter or requested that they be made defendants. There was no prayer for process. It was alleged that the order, which was designated as a "judgment of the superior court," should be declared null, void, set aside and arrested as provided by law. On this motion Judge W. M. Harper, of the superior courts of the Southwestern Circuit, signed an order reciting that a motion to arrest had been filed, setting a hearing thereon for November 4, 1938, and directing that copies of the motion be served on the foreman and clerk of the grand jury and solicitor-general of the circuit. Process was attached, designating M. B. Brown, W. H. Strickland Jr., and E. L. Forrester, defendants, and making the cause returnable to the April term, 1939, of said court. The three parties designated in the process as defendants made responses denying certain allegations in the motion, and moving to dismiss the same. On November 4, 1938, arguments were heard, and on December 12, judgment having been reserved, Judge Harper entered an order holding that a motion in arrest does not lie to the order declaring the office of commissioner vacant, and overruling and dismissing the motion. To this order Davis excepted.

1. Judges may be authorized to discharge ministerial duties, and such ministerial acts performed by them do not become judicial simply because performed by a judicial officer. *Gas-Light Company of Augusta* v. *West,* 78 *Ga.* 318; *Carter* v. *Janes, 96 Ga.* 280 (23 S. E. 201); *Steinheimer* v. *Jones,* 114 *Ga.* 349 (40 S. E. 241); 23 Cyc. 538. The Supreme Court has no power to review a decision made by a judge, unless the same was rendered in a civil cause or a criminal proceeding pending in his court before him as judge thereof. *Banigan* v. *Nelms,* 106 *Ga.* 441 (32 S. E. 337); *Albea* v. *Watts,* 114 *Ga.* 149 (39 S. E. 940); *Board of Education* v. *Paulding County Grand Jury,* 134 *Ga.* 839 (68 S. E. 552); *Chandler* v. *Barefield,* 178 *Ga.* 265 (172 S. E. 919). The order of the judge declaring vacant the office of commissioner in the instant case, having been signed as a ministerial act pursuant to the statute involved, did not constitute a judgment of the superior court; and hence it would not have been reviewable by writ of error.

2. While the petition or motion by the plaintiff in error referred to the order which it sought to arrest as a judgment of the superior court, and while the petition requested the judge of the superior court to arrest that order, yet it is clear that the plaintiff was seeking to have the person who signed the original order to arrest that order in the same capacity in which he signed it; and thus the motion and the order constituted a continuation of the original proceedings, none of which involved judicial functions; and the order to which it was sought to except was not a judgment of the court, and is not reviewable by a writ of error.

*Writ of error dismissed. All the Justices concur.*