*E. W. Maynard, J. E. Hall Jr., Charles M. Cork,* and *Jones, Jones & Sparks,* for defendants.

CUMMINGS *v.* ROBINSON, commissioner, *et al.*

No. 14176.   July 16, 1942.

344

*Vance Custer,* for plaintiff in error.

*R. L. Cox* and *A. B. Conger,* contra.

BELL, Justice. ■ In the main brief of counsel for the plaintiff in error, it is stated that the following questions are presented: "1. Is injunction the proper remedy to prevent the discharge of his duties by a person commissioned to a public office? If not, then the demurrer should have been sustained, and the case goes out of court. 2. Is the chairman of the Board of Commissioners of Roads and Revenues authorized to vote on the filling of a vacancy to that board? And, as incidental to that question, does the executive or the judicial branch determine the result of such an election?" In reference to the first question, it is insisted that an

action for the writ of quo warranto instituted against Cummings would have been the proper and the exclusive remedy under the facts alleged. We can not agree to this contention, being of the opinion that the suit for injunction was a proper remedy under the facts set forth in the petition.

According to the allegations, no person had been elected or appointed to fill the vacancy caused by the death of Commissioner Childree; and this being true, any effort or proposal by Cummings to serve as a member of the board would be unwarranted, and, if pressed to the extent portended in the petition, would constitute an intrusion, and would interfere with the lawful members, including the plaintiffs Robinson and Johnson, in the performance of their official duties. As to failure of the attempted election, more will be said presently; at this point we are discussing remedy only.

"Equity jurisdiction is established and allowed for the protection and relief of parties, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong, or relieving for injuries done." Code, § 37-102. "Equity will not take cognizance of a plain legal right . .; but a mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction." § 37-120. "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." § 37-105. "Equity, by a writ of injunction, may restrain proceedings in another or the same court, or a threatened or existing tort, or any other act of a private individual or corporation which is illegal or contrary to equity and good conscience, and for which no adequate remedy is provided at law." § 55-101. These provisions have been adopted as a part of the Code of Georgia and state in general terms the grounds of equity jurisdiction in this State.

As to the writ of quo warranto, it is declared in the Code, § 64-201, that this writ "may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein." This section must be construed in harmony with other provisions of the Code; and when

this is done, it can not be held that quo warranto is the exclusive remedy where persons rightfully in office desire protection against intrusion and interference from one having no right or authority in the premises, but who will nevertheless so intrude and interfere, unless restrained by judicial action. In such case the writ of quo warranto, though itself a speedy remedy, could not supply that immediate and preventive relief which could be granted through the writ of injunction, and thus would not be as complete or effectual. *Sutton* v. *Adams,* 180 *Ga.* 48 (178 S. E. 365) ; *Denson* v. *Tarver,* 186 *Ga.* 180 (197 S. E. 242) ; *Patten* v. *Miller,* 190 *Ga.* 105 (8 S. E. 2d, 776). Compare *Patten* v. *Miller,* 190 *Ga.* 123 (6 *a*), 150 (8 S. E. 2d, 757).

Counsel for the plaintiff in error cites, among other cases, *Martin* v. *Rowland,* 177 *Ga.* 363 (170 S. E. 235), where an *incumbent* as member of a board of education sued for injunction to restrain interference by a rival claimant; and it was held that quo warranto and not injunction was the plaintiff's remedy. That decision, though concurred in by all the Justices, apparently accorded no value whatever to the allegations as to interference, did not refer to either of the foregoing sections on equity, and in *Sutton* v. *Adams,* supra, we refused to follow it, saying, among other things : "that decision, being in conflict with the earlier full-bench decision in the case of *Talmadge* v. *Sutton* [175 *Ga.* 811, 166 S. E. 240], can not be followed as authority, in view of the rule that, in the event of such conflict, the older decision is controlling." In the instant case counsel for the plaintiff in error has called our attention to the fact that we were in error in thus referring to the decision in *Talmadge* v. *Sutton* as a "full-bench decision," not that there was any dissent, but that one Justice was absent,—which at the time of the statement plainly appeared in the official report. 175 *Ga.* 825, supra. While we are indebted to counsel for calling our attention to this oversight on our part, we are none the less certain of the unsoundness of the decision in *Martin* v. *Rowland,* supra, and of its invalidity as a precedent; nor can the error so made affect the result in the present case. Regarding that decision, it was further stated in *Sutton* v. *Adams,* supra: "The decision in the *Martin* case, in holding that quo warranto would be the proper remedy of Martin, the incumbent, appears also to be inconsistent with the decision in the early case of *Bonner* v. *Pitts,*

7 *Ga.* 473 (2), where it was held, all the Judges concurring, that quo warranto is the remedy of *one out of office* who seeks admission thereto as against the incumbent." It could also have been said that it is clearly contrary to the previous unanimous decision in *Clarke County* v. *Gamble,* 136 *Ga.* 382 (71 S. E. 797), where an injunction was granted to prevent one claiming the office of clerk from interfering with county commissioners in the discharge of their duties.

Another case cited for the plaintiff in error is *Davis* v. *Dawson,* 90 *Ga.* 817 (3) (17 S. E. 110), where it was held: "The petitioners, as citizens and taxpayers, having a remedy at law by quo warranto proceedings to inquire into the right of the defendants to hold the offices in question, and it also appearing from the allegations of their equitable petition that they were defeated candidates who might, as such, if they had so chosen, have used this remedy, the court below rightly denied the injunction and other relief prayed for. The uniform procedure act of 1887 expressly excepts from its operation the remedy by quo warranto." In the opinion, it was said: "Nor can the present petition be entertained under the uniform procedure act of 1887, providing that in the trial of civil cases, the superior courts of this State 'shall give effect to all of the rights of the parties, legal or equitable, or both' [Code, § 37-901], that act expressly excepting from the operation of its provisions proceedings by quo warranto." The facts of that case were different from those alleged in the present case, and did not involve the question of interference with incumbents in office in the performance of their official duties. The reference to the uniform procedure act evidently meant that the plaintiffs' right to injunction was not enlarged by that statute, and it is equally certain that such right was not diminished thereby. In *Mackenzie* v. *Flannery,* 90 *Ga.* 590, 597 (16 S. E. 710), it was said: "The purpose of the act was to enable parties to approach the court *as a single instead of a dual forum,* and by a uniform mode of procedure, whether the relief sought was legal or equitable, and to enable the court, on the trial of any civil case, to 'give effect to all the rights of the parties, legal or equitable or both,' and apply such 'remedies or relief, legal or equitable or both, in favor of either party, as the nature of the case may allow or require.' It did not curtail any of the judge's powers as chancellor." See Ga. L. 1887, p. 64; Code, §§ 37-901, 81-102.

If we should hold that under the allegations of the instant petition a suit for injunction is not an available remedy, this would necessarily mean that notwithstanding the law placed upon the remaining members of the board the duty of filling the vacancy caused by the death of their fellow member, and notwithstanding the vacancy has not been filled at all by them, they would yet be compelled by law to admit the defendant to a place among them and to allow him to participate in their deliberations and official acts until he could be ousted by the writ of quo warranto. Not only this, but they could on the same basis be forced to submit to similar conduct and interference by any person whomsoever, or by any number of persons, who might assert the right upon any pretext. The law did not require them to adopt any such course of procedure, but authorized them or any of them to sue for injunction, to prevent such confusion and interference and to preserve the status until a successor could be elected by them. The decision in *Hornady* v. *Goodman,* 167 *Ga.* 555 (3), 570 (146 S. E. 173), referring to quo warranto as the more "speedy remedy," was not concurred in by all the Justices, and is not binding as a precedent; nor did that decision deal with interference.

But even aside from the decisions above cited, the contention as to the remedy of quo warranto, under the facts alleged, is clearly without merit, in view of the plain provisions of the Code, § 64-201, declaring that the writ of quo warranto may issue to inquire into the right of any person to any public office "the duties of which he is in fact discharging." Under this statute, the writ certainly would not be the exclusive remedy where the person sued is not in actual possession and exercising the duties of the office, regardless of whether it might be a permissible remedy in such case. This view was tentatively expressed in *Holmes* v. *Sikes,* 113 *Ga.* 580 (2), 582 (38 S. E. 978), although an adjudication upon the precise point was unnecessary in that case. Nothing to the contrary was held in *Milton* v. *Milchell,* 139 *Ga.* 614 (2) (77 S. E. 821), or *Sweat* v. *Barnhill,* 171 *Ga.* 294 (6) (155 S. E. 18).

It is further insisted that interference could not be the basis of injunction here, because Cummings is not claiming an office that is held by any of the plaintiffs, and also because it appears that all of the plaintiffs are suing merely as citizens, although two of them are members of the board of county commissioners. The fact that

the defendant is not claiming an office held by any one of the plaintiffs would not militate against the right of Robinson and Johnson, as commissioners, to the relief of injunction to prevent such interference by one having no right to participate with them in administering the county affairs; and in so far as they are concerned, the petition was in part based expressly upon that theory. The facts that they sued also in their capacities as citizens, and that eight other citizens joined as plaintiffs with them, did not, on consideration of the petition as a whole, render it subject to general demurrer upon the theory that it was not based upon interference. Whether these features might have had the effect of making the petition duplicitous and subject to special demurrer, no such demurrer was filed. Compare *Central Railroad Co.* v. *Pickett,* 87 *Ga.* 734 (13 S. E. 750); *Citizens & Southern Bank* v. *Union Warehouse & Compress Co.,* 157 *Ga.* 434 (7, 10) (122 S. E. 327); *Simpson* v. *Bradley,* 189 *Ga.* 316 (3), 319 (5 S. E. 2d, 893).

In view of what has been said above and in previous decisions cited herein, we do not deem it necessary to refer in particular to all the cases relied on by counsel in this connection. Under the principles stated and the applicable authorities, the court did not err in overruling the general demurrer, so far as it related to the question of remedy.

It may be said in this connection that the plaintiffs' averments as to intrusion and interference are not construed as charging that the defendant would not be a fit and proper person, if duly elected, to participate with the other members of the board in administering the county affairs, or that he would as a member be guilty of unseemly or improper conduct. The point is that if as a matter of fact there has been no election to fill the vacancy caused by the death of Childree, it would be an intrusion and interference on the part of any person who might claim election to fill the vacancy, if he should "attempt to act, to take part in and serve as a commissioner," in conjunction with the lawful members, by doing the acts set forth in the petition.

■ As stated in the preceding division, the allegations were sufficient to show that there had been no election to fill the vacancy caused by the death of Commissioner Childree, and thus that the defendant Cummings was not a member of the board. The law in

reference to this board provides that "Any vacancy on said board occurring by death, resignation, or disqualification shall be filled by appointment by the remaining members of the board; such appointee shall qualify and hold office for the remainder of the time of the one whom he shall succeed. The members of said board shall, upon organization, elect from their number a chairman, who shall preside and act as such during the remainder of his term of office." Ga. L. 1933, pp. 656, 658. Thus, any vacancy shall be filled by "the remaining members." The chairman was a member, and hence was one of the "remaining members." It was competent for him to vote; and where two members voted for Cummings and the chairman and another member voted against him, there was no election. The authorities cited by counsel for the plaintiff in error do not require a different conclusion. See *Goslin* v. *Brooks,* 89 *Ga.* 244 (15 S. E. 361); *Roberts* v. *Dancer, 20 Ga. App.* 752 (93 S. E. 297); Markham *v.* Simpson, 175 N. C. 135 (95 S. E. 106).

█ It appeared from the petition that the defendant held a commission from the Governor, and had taken oath of office as a member of the board of commissioners. While these facts would constitute prima facie evidence in his favor, they would not be conclusive, and it could be shown that there had been no election, because of the tie vote referred to in the preceding division. *State ex rel. Low* v. *Towns,* 8 *Ga.* 360 (2); *McCants* v. *Layfield,* 149 *Ga.* 231 (2) (99 S. E. 877); *Stephenson* v. *Powell,* 169 *Ga.* 406 (3), 408 (150 S. E. 641).

█ The court did not err in overruling the demurrer for any reason urged; and there being evidence to support all of the material allegations of the petition, it was not error to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*